**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SAYED KHALIFA and AMANY CORP.**

                                            **Plaintiffs,**

**-against-**                                          **05-CV-1341**

**THE TOWN OF COVENTRY; DONALD G. O'SHEA,**
**Supervisor of the Town of Coventry;**
**THERESA A. SCHULTHEIS, Town Clerk of the**
**Town of Coventry; RICHARD METZGER,**
**Ordinance Officer of the Town of Coventry;**
**JACK STAFFORD, Tax Assessor of the Town of**
**Coventry; ROBERT M. LARKIN, ESQ., Assistant**
**District Attorney for Chenango County and**
**Town Attorney for the Town of Coventry;**
**THOMAS J. LOUGHREN, Sheriff of Chenango County.**

                                            **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**DECISION & ORDER**

**I. INTRODUCTION**

    Plaintiffs commenced this action seeking damages and injunctive relief for harassment and

discriminatory treatment Plaintiffs allege were suffered at the hands of Defendants. See Compl. ¶ 1.

In this regard, Plaintiffs assert violations of various constitutional rights purportedly caused by the

various defendants' actions, and contend they suffered injury as a result of various state common

law torts committed by Defendants. See generally Compl.  Defendants move to dismiss the action

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for an Order

requiring a restatement of the Complaint pursuant to Rules 12(e) and 10(b) of the Federal Rules of

Civil Procedure.  For the reasons that follow, the motion is DENIED.

## II. DISCUSSION

### A. Standard of Review

"[A] complaint must only include 'a short and plain statement of the claim showing that the

pleader is entitled to relief.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(quoting Fed.

R. Civ. P. 8(a)).  "This simplified notice pleading relies on liberal discovery rules and summary

judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id.

Thus, a complaint is sufficient if it gives the defendant fair notice of the plaintiff's claims, the

grounds upon which they rest, and states claims upon which relief could be granted.  Id. at 514.

"A party endeavoring to defeat a lawsuit by a motion to dismiss for failure to state a claim

faces a 'higher burden' than a party proceeding on a motion for summary judgment." McKenna v.

Wright, 386 F.3d 432, 436 (2d Cir. 2004).  On a motion to dismiss pursuant to Fed. R. Civ. P.

12(b)(6), the Court accepts as true all factual allegations in the complaint. See Leatherman v.

Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993). "Further, the

court should construe the complaint liberally and draw inferences from the plaintiff's allegations in

the light most favorable to the plaintiff." Tomayo v. City of N.Y., 2004 WL 137198, at * 5

(S.D.N.Y. Jan. 27, 2004)(citing Desiderio v. National Ass'n of Sec. Dealers, Inc., 191 F.3d 198, 202

(2d Cir. 1999)). On the motion, the Court limits it review to the allegations contained in the

Complaint, to documents attached to the Complaint, or to documents incorporated within the

complaint by reference. Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999). Dismissal is

2

appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," Phillip v. Univ. of Rochester, 316 F.3d 291, 293 (2d Cir. 2003)(citation omitted), or where the complaint necessarily fails as a matter of law. Phelps v. Kapnolas, 308 F.3d 180, 187 (2d Cir. 2002).

### B. Application of Rule 12(b)(6)

Defendants, who are represented by counsel, move in simplistic fashion for dismissal by making broad, generalized arguments about the Complaint.  In this regard, Defendants' entire argument under Rule 12(b)(6) is as follows:

> Taking the statement of facts set forth in the plaintiff's [*sic*] complaint as valid, it does not set forth a cognizable claim. Moreover, the plaintiffs fail to establish standing given alleged acts concerning unnamed potential plaintiffs.[1]

> The facts asserted are undated, and, based upon prior litigation, are likely beyond the 3 year statute of limitations for 28 [*sic*] U.S.C. [§§] 1983 and 1985 claims.  In addition, the claims against the Town defendants were part of an earlier stipulation placed upon the Court's record.

> The allegations do not set forth personal involvement of defendants O'Shea, Schultheis, Metzger and Stafford, beyond vague assertions that they influenced legislation, which is not sufficient for individual liability. In addition, some of the factual claims involve the rights of unnamed customers or potential customers of the plaintiff. Reliance upon facts concerning unnamed potential plaintiffs is not proper. Dismissal is appropriate pursuant to Rule 12(b)(6) under the circumstances, (see Taylor v. Vermont Dept. of Education, 313 F3d 768 (2nd Circuit, 2002)[)], given the lack of standing demonstrated on the face of the complaint.

> This Court previously held, when dismissing plaintiffs' action filed in 2003 under the same facts, that there were "no allegations of a sufficiently close relationship between Plaintiffs and their customers or that the customers are unable to protect their own interests." (October 9, 2003 Decision, Case No. 3:03-CV-1230[], citing *Prestopnik v. Whalen*, 235 F. Supp.2d 369 (N.D.N.Y. 2003)[)]. The same

---

[1] The Court has omitted (1) a two sentence block quotation in which Defendants set forth the standard for granting a Rule 12(b)(6) motion, and (2) a sentencing following the block quotation asserting that "[a]pplication of this standard to the subject complaint should result in dismissal."

deficiencies exits in the current complaint, and dismissal is again appropriate.

Def. Mem. L. pp. 2-3.

The Plaintiffs' opposition to the motion is, essentially, one (1) sentence asserting that the Complaint is sufficient under the federal liberal pleading standard because it gives Defendants "fair notice of the nature and grounds of the claims." Plt. Mem. L. p. 4 (citations omitted).

When attempting to apply Defendants' cursory arguments to the Complaint, it is nearly impossible to determine what they are trying to get at.  Moreover, Defendants fail to cite legal authority for their arguments except for one case which, as discussed below, does not support Defendants' position. The Court declines to do the legal research for the attorneys. While the Court may have to guess at the legal arguments made by *pro se* litigants, it will not do so when, as here, all parties are represented by counsel. Given Defendants' failure to identify to which of Plaintiffs' six causes of action their various "arguments" for dismissal are directed, or to properly support their arguments with legal authority, the motion is subject to summary denial. Nonetheless, the Court will try to address the arguments.

On the issue of standing, it is unclear to what cause or causes of action Defendants direct this challenge. Further, the Court does not know what Defendants mean when they assert that "plaintiffs fail to establish standing given alleged acts concerning unnamed potential plaintiffs."  What "alleged acts concerning unnamed potential plaintiffs" are the Defendants referring to, and who are the "unnamed potential plaintiffs"?

The First Cause of Action asserts a violation of the "plaintiffs'" First Amendment right to peaceful public assembly. See Compl. ¶ 53 ("Local Law #1 of 2001 ... is, as applied ... in violation

4

of plaintiffs' right to peaceful public assembly . . . .").[2] Because the Court previously dismissed

claims *similar* to the first cause of action for lack of standing, see Oct. 9, 2003 Dec. & Ord. in

Khalifa v. Chenango County, 3:03-CV-1230 (N.D.N.Y.)[dkt. # 3 in 3:03-CV-1230],[3] and because

Defendants reference this previous decision in a paragraph that also mentions standing, the Court

presumes Defendants are asserting that Plaintiffs lack standing to bring the First Cause of Action.

However, liberally construing the allegations in the Complaint, it appears Plaintiffs are asserting that

Plaintiff Khalifa's First Amendment right to peaceful public assembly was violated by Defendants'

actions. See Compl. ¶ 53; see fn. 2, supra.  Khalifa does have standing to assert the claimed

---

[2] The Complaint uses the plural "plaintiffs" in each cause of action asserting a constitutional deprivation.  See First Cause of Action, Compl. ¶ 53 ("Local Law #1 of 2001 ... is, as applied ... in violation of plaintiffs' right to peaceful public assembly . . . ."); Second Cause of Action, Compl. ¶ 55 (Defendants actions were "in malicious violation of plaintiffs' right to free speech and to petition the government for redress of grievances"); Third Cause of Action, Compl. ¶ 60 ("Defendants' actions have ... damaged not only plaintiffs' business enterprise, but have adversely affected interstate commerce  . . ."); Fourth Cause of Action, Compl. ¶ 65 (Defendants actions resulted "in violation of plaintiffs' rights to be free from governmental discrimination because of race, national origin, or religious persuasion.").  The Court does not know whether Plaintiffs contend that a corporation can bring a § 1983 claim on its own behalf asserting a deprivation of  individual constitutional rights such as the right to assemble and the right to free speech. Compare San Bernardino Physician's Serv. Medical Group v. San Berardino, 825 F.. 2d 1404, 1407 (9th Cir. 1987)(a corporation is a person within the meaning of the due process clause and § 1983) with Aguayo v. Richardson, 473 F.2d 1090, 1099 (2d Cir.1973)("neither [the] language nor the history . . . [of § 1983] suggests that an organization may sue under the Civil rights Act for violation of rights of members"), cert denied. 414 U.S. 1146 (1974).  Since neither party has addressed this issue, the Court will assume for purposes of this Decision and Order that these claims are concerned, at a minimum, with the deprivations of the *individual plaintiff's* constitutional rights.

[3] In this regard, the Court held:

Plaintiffs claim that the roadblocks violated their customers' first and fourth amendment rights. Plaintiffs do not allege any violation of their own constitutional rights.  Plaintiffs do not have standing to assert the constitutional rights of others.  See Camacho v. Brandon, 317 F.3d 153, 159 (2d Cir. 2003) ("A plaintiff may assert the constitutional claims of a third party if the plaintiff can demonstrate: (1) injury to the plaintiff, (2) a close relationship between the plaintiff and the third party that would cause plaintiff to be an effective advocate for the third party's rights, and (3) some hindrance to the third party's ability to protect his or her own interests.") (internal quotations and citation omitted); Prestopnik v. Whalen, 235 F. Supp.2d 369, 373 (N.D.N.Y 2003) (Hurd, J.).  There are no allegations of a sufficiently close relationship between Plaintiffs and their customers or that the customers are unable to protect their own interests.  Thus, the Fifth and Second Causes of Action must be dismissed.

Oct. 9, 2003 Dec. & Ord. at pp. 2-3.

deprivation of *his* constitutional right caused by application of Local Law #1 of 2001.  See Lamar Adver. of Penn, LLC v. Town of Orchard Park, 356 F.3d 365, 373 (2d Cir. 2004)("To meet Article III's constitutional requirements for standing, a plaintiff must allege an actual or threatened injury to himself that is fairly traceable to the allegedly unlawful conduct of the defendant.")(interior quotation marks and citations omitted); Shain v. Ellison, 356 F.3d 211, 215 (2d Cir. 2004)("In order to meet the constitutional minimum of standing to seek injunctive relief, [plaintiff] must carry the burden of establishing that 'he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct.'")(quoting City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983)).

The same conclusion is reached on all of the remaining causes of action.  At a minimum, Plaintiff Khalifa has standing to assert the constitutional rights *he* allegedly suffered by Defendants' actions, see fn. 2, supra, and bring claims for damages caused to himself and his business by the tortious actions of Defendants. See Fifth Cause of Action, Compl. ¶ 68 (Defendants' actions resulted "in the tortious interference with the business enterprise owned and operated by the plaintiffs."); Sixth Cause of Action, Compl. ¶¶ 70-75  (alleging that "plaintiffs" sustained damage from "defendants'" negligence).

Defendants' lone legal citation, Taylor v. Vermont Dept. of Ed., 313 F.3d 768 (2d Cir. 2002), does not change this conclusion. First, given the lack of a pinpoint citation, it is unclear whether Defendants cite the case for the Rule 12(b)(6) standard, or for a proposition of law relating to standing. Taylor addresses both. If it is the former, the case does nothing to strengthen Defendants' argument.  The Rule 12(b)(6) standard is well settled, and the Taylor case dealt with the standard where the plaintiffs proceeded *pro se*. See Taylor, 313 F.3d at 766.  If it is the later, the

6

case is inapplicable. <u>Taylor</u> dealt with whether a non-custodial mother had standing to bring claims under the Individuals with Disabilities Education Act and the Family Educational Rights and Privacy Act seeking an Independent Educational Evaluation of her child, access to the child's educational records, and challenging the content of the child's education records.  The questions of standing in <u>Taylor</u> depended upon an interpretation of the federal education statues involved in that case and turned upon an interpretation of Vermont state custody law. <u>See</u> <u>Taylor</u>, 313 F.3d at 776-793. Neither the federal educational statutes involved in <u>Taylor</u> nor Vermont custody law are implicated here.  After reviewing the lengthy decision in <u>Taylor</u>, this Court fails to see how the discussion of standing in *that* case applies in the *instant* case. <u>Id.</u>   Accordingly, the motion to dismiss for lack of standing is denied.

Defendants' argument for dismissal based on the statute of limitations is not susceptible to resolution on this motion *because* specific dates are not provided in the Complaint. The parties will have to use the discovery process to define when the various claims accrued. Only then can the Court determine whether the claims are barred by the applicable statutes of limitation.[4]

Likewise, Defendants' argument for dismissal based upon the argument that "the claims against the Town defendants were part of an earlier stipulation placed upon the Court's record" cannot be resolved at this time.  While it appears that nearly identical claims against *some* of the defendants *might have been* litigated and resolved in a previous lawsuit, <u>see</u> <u>Khalifa v. Town of</u>

---

[4] In <u>Khalifa v. Chenango County</u>, 3:03-CV-1230 (N.D.N.Y.), the Court noted that a similar claim arising from what appears to be the same dispute between the parties "was clearly time-barred because it occurred more than three years prior to the filing of the Complaint." Oct. 9, 2003 Dec. & Ord. p. 2, fn. 1. Inasmuch as Plaintiffs' counsel is obligated to insure that all claims have a good faith legal and factual basis, <u>see</u> Fed. R. Civ. P. 11, counsel would be well advised - before proceeding further - to review the pleadings in <u>Khalifa v. Chenango County</u>, 3:03-CV-1230 (N.D.N.Y.) and the factual underpinnings of his clients' current claims to determine whether they are timely under the applicable statutes of limitations and whether there is a good faith basis for asserting the claims.

Coventry, 3:01-CV-1358 (N.D.N.Y.); see also Compl. ¶ 5 ("There was a previous action in this

Court between the plaintiff and some of these defendants which involved some of the same facts

and allegations as are set forth in this action.  That action . . . 3:01-CV-1358 . . . supposedly was

settled by stipulation . . . ."), the Court does not have before it the pleadings in the prior case or

information indicating which of the present claims were, or could have been, litigated previously.

Thus, the Court cannot determine which of the present claims (if any) are barred by a prior

settlement agreement, or which might be barred by res judicata or collateral estoppel (if that is what

Defendants are arguing). Again, it is not for the Court to do the leg work for the attorneys. The

motion is denied and can be revisited on summary judgment.[5]

On the issue of personal involvement, Defendants concede that there are "vague assertions"

that Defendants O'Shea, Schultheis, Metzger and Stafford "influenced legislation," but argue that

such allegations are "not sufficient for individual liability."  Defendants provide no authority for this

legal proposition and the Court declines to do the legal research for them.  Furthermore, the

Complaint alleges that Defendants O'Shea, Schultheis, Metzger and Stafford did more than simply

influence legislation.  The Complaint alleges that they conspired between themselves and with

others "to cause plaintiff, Amany Corporation's, property taxes to unjustifiably almost double,"

Compl. ¶ 28, and abused their power and made false allegations in order to apply otherwise

inapplicable local laws against Plaintiffs to their detriment. Compl. ¶¶ 34-37.  These allegations, if

true, would establish personal involvement sufficient to support a Section 1983 claim. See Kentucky

v. Graham, 473 U.S. 159, 166 (1985)(To establish personal liability against a government official

_____

[5] Again, the Court cautions Plaintiffs' counsel to review the prior pleadings and papers in this previous lawsuit to ascertain whether or not there is a good faith basis in both law and fact to bring claims in this lawsuit that might have been previously litigated or settled.

for a constitutional violation, a plaintiff must show that "the official, acting under color of state law, caused the deprivation of a federal right."); see also Gagliardi v. Village of Pawling, 18 F.3d 188, 195 (2d Cir. 1994)(On a First Amendment retaliation claim, "it is sufficient to allege facts from which a retaliatory intent on the part of the defendants reasonably may be inferred.").[6]  Thus, accepting the allegations of the Complaint as true, there is personal involvement by Defendants O'Shea, Schultheis, Metzger and Stafford sufficient to sustain certain § 1983 claims against them. Accordingly, the motion on this ground is denied.

While the Court has reservations about the legal viability of the allegations in the instant Complaint given the *two* similar actions that have been litigated by Plaintiffs, Defendants have failed to meet their burden demonstrating that the Complaint fails to state a claim upon which relief can be granted.  Therefore, that portion of the motion brought under Rule 12(b)(6) is denied.

**C. Rules 10(b) and 12(e)**

As to Defendants' motion for a restatement of the Complaint, the Court finds that the Complaint is sufficient, as written, to afford Defendants adequate notice of  Plaintiffs' claims. While there may be some technical violations of Fed. R. Civ. P. 10(b) in that Plaintiffs may be asserting more than one claim in a single cause of action, see fn. 6 supra, the deficiencies in the Complaint do not prevent the Defendants from shaping a comprehensive defense to the allegations or prevent the Court from assessing the sufficiency of claims.  Thus, the Court finds no basis to dismiss the Complaint or require a restatement thereof under Rule 10(b) or 12(e). See Flores v.

---

[6]  In the Second Cause of Action, Plaintiffs contend, inter alia, that any and all attempts made to Defendant-Town Officials to obtain redress of grievances resulted "only in continuation and escalation" of Defendants' allegedly unlawful actions. Compl. ¶ 55. Hence, Plaintiff may also be asserting a First Amendment retaliation claim in this Cause of Action.

<u>Bessereau</u>, 1998 WL 315087, at *1-*2 (N.D.N.Y. June 9, 1998)(Pooler, J.); <u>Gonzales v. Wing et al.</u>, 167 F.R.D. 352, 355 (N.D.N.Y. 1996)(McAvoy, C.J.).  After the parties have gone through discovery, Defendants will be free to move for summary judgment.  At this stage, however, the Court finds that the Complaint meets the liberal pleading requirements of Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure.

## III. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss pursuant to Rules 10, 12(b)(6), and 12(e) is **DENIED.**

## IT IS SO ORDERED

DATED:July 17,2006

Thomas J. McAvoy
Senior, U.S. District Judge

10